FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 25, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WENDY FLEMING, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>GREYSTAR MANAGEMENT SERVICES, L.P., a Delaware corporation, WILLIAM SIMMONS, and EMMETT HIGGINS,<br><br>　　　　　　　　　Defendants. | No.   2:15-cv-00174-SMJ<br><br>**PROTECTIVE ORDER** |

Before the Court is the Parties' Motion for a Stipulated Protective Order, ECF No. 13.  Having reviewed the pleadings and the file in this matter, the Court is fully informed and GRANTS the motion.

Pursuant to FRCP 26(c), and according to the Stipulation of the parties, it is ORDERED as follows:

1. Any documents produced by a party in this action which are, in good faith, determined by the producing party to contain confidential or proprietary information, including without limitation financial information, tenant information (potentially including, but not limited to, social security numbers, ages, employer information, addresses, income levels, etc.), trade secrets, personnel and payroll information, business

ORDER **-** 1

planning or strategy information, or other commercially sensitive or personally sensitive information of a non-public nature, may be designated as "CONFIDENTIAL," and so marked, by stamping each page of the document CONFIDENTIAL. If the document is more than twenty five (25) pages in length, stamping the front page CONFIDENTIAL shall be sufficient to cover the entire document under this Protective Order. In the event that a party inadvertently fails to stamp or otherwise designate a document as CONFIDENTIAL at the time of its production, that party shall have twenty (20) business days after discovery of such error to so stamp or otherwise designate the document.  The parties shall act in good faith and on a reasonable basis when designating non-public documents in the following categories:

CONFIDENTIAL:

(a) Personnel files of employees;

(b) Tenant information (i.e., information contained in tenant files such as, but not limited to, social security numbers, ages, employer information, addresses, income levels, etc.);

(c) Payroll information;

(d) Compensation information;

(e) Compensation surveys;

(f) Compensation guidelines and pay-grade levels;

(g) Social Security numbers;

(h) Information obtained from and regarding Defendant's customers, including but not limited to financial and other information disclosed to Defendant for purposes of obtaining its products and services;

(i) Financial information of the parties not subject to public disclosure;

(j) Any other information not in the public domain and that is reasonably and in good faith believed by the producing party to contain trade secret, proprietary, or highly-sensitive business information;

(k) Corporate structure information;

(l) Medical records and healthcare information.

2. Documents falling within the scope of Paragraph 1 that the producing party in good faith reasonably believes contain particularly sensitive confidential material warranting further restrictive disclosure may be designated "ATTORNEYS' EYES ONLY." Such documents may include but are not limited to non-public personal financial information, financial information of the parties not subject to public disclosure, and non-public commercially sensitive competitive information. Publicly available documents may not be designated ATTORNEYS' EYES ONLY. Procedures identified in Paragraph 1 regarding designation of

CONFIDENTIAL documents applies with equal force to documents designated ATTORNEYS' EYESONLY.

3. When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever, however created and whatever the medium on which it was produced or reproduced, including, but not limited to, documents produced by any party, whether pursuant to FRCP 33 or 34, subpoena, public records request under Washington State law, or by agreement, and may also include deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

4. The parties contemplate that certain information falling into the categories set forth above may be produced electronically, and that the electronic media (e.g., CD-ROM) will be stamped with a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, while the electronic version of documents themselves may not. For ease of production, any electronic records which are so produced shall be treated as bearing the designation stamped on the source electronic media, and documents printed from such electronic records shall be automatically accorded corresponding protective status pursuant to this Order.

ORDER - 4

5. All documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, and all information contained therein, shall be used by the party(ies) to whom the documents are disclosed solely for the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically set forth below.

6. Except with prior written consent of the party asserting confidential treatment, documents designated CONFIDENTIAL and the information contained therein may be disclosed only to the following persons:

(a) Counsel for the party(ies) to whom the confidential disclosure has or is to be made, and secretaries, paralegal assistants, and other employees of such counsel who are assisting counsel in the prosecution or defense of this action. Counsel shall be responsible for ensuring that his or her associates and employees are informed of the terms of this Order and agree to abide by them;

(b) The parties to this litigation, provided they are informed of the terms of this Order and agree to abide by them;

(c) Outside consultants and experts retained by any party for the purpose of assisting in the prosecution or defense of this action, but only after the consultant or expert has read this Order and agrees in writing to be bound by it, asset forth in Exhibit A. Upon Order of this Court, for good cause

ORDER - 5

shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents;

(d) Deposition witnesses during their depositions, or trial witnesses at trial, when necessary for, or otherwise relevant or helpful to, such witness's testimony, provided that confidential documents and the information contained therein may be disclosed to non-party deposition or trial witnesses only after the witness has read this Order and agrees in writing to be bound by it, as set forth in Exhibit A. Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents;

(e) With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document;

(f) Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action; non-technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Exhibit A. Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents;

(g) Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action, provided that confidential documents and the information contained therein may be disclosed to such individuals only after they have read this Order and agree in writing to be bound by it, as set forth in Exhibit A. Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents; and

(h) The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court).

7. Except with prior written consent of the party asserting confidential treatment, documents designated ATTORNEYS' EYES ONLY and the information contained therein may be disclosed only to the following persons:

(a) Counsel for the party(ies) to whom the disclosure has or is to be made, and secretaries, paralegal assistants, and other employees of such counsel who are assisting counsel in the prosecution or defense of this action. Counsel shall be responsible for ensuring that his or her associates and employees are informed of the terms of this Order and agree to abide by them;

ORDER - 7

(b) Outside consultants and experts retained by any party for the purpose of assisting in the prosecution or defense of this action, but only after the consultant or expert has read this Order and agrees in writing to be bound by it, as set forth in Exhibit A. Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents;

(c) With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document;

(d) Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action; non-technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Exhibit A. Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents;

(e) Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action, provided that confidential documents and the information contained therein may be disclosed to such individuals only after they have read this Order and agree

in writing to be bound by it, as set forth in Exhibit A. Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents; and

(f) The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court).

8. The recipient of any document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY that is provided under this Order shall maintain such records in a secure and safe area and shall exercise a professional standard of due and proper care with respect to storage, custody, use and/or dissemination of such records, which standard shall not be less than as is exercised by the recipient with respect to its own proprietary information.

9. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. Failure to challenge the propriety of any CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall not constitute an admission as to the propriety of that designation. In the event that any party decides to challenge a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation

at any stage of these proceedings, such party shall provide to the producing party written notice of its challenge to the designation, including its specific reasons for challenging the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the designating party has twenty-one (21) days from the date of the written challenge request appropriate relief from the Court pursuant to applicable court rules and other authority to maintain the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation. The burden of proving that records have been properly designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be on the party making such designation.

10. Each individual who receives any CONFIDENTIAL or ATTORNEYS' EYES ONLY material hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

11. Subject to the Rules of Evidence, CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be offered in evidence in filings with the Court, at trial, or at any court hearing. However, the parties will not file such information with the Court or otherwise use such information in open Court unless it is reasonably necessary to do so. Any party seeking to file or

use documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY may only file such documents contemporaneously with a motion to seal such documents pursuant to applicable court rules and other authority. Any party may move the Court for an order that such evidence be received in camera or under other conditions to restrict disclosure. A party intending to use or file a document that arguably contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall provide seven (7) business days' notice to the other party. This seven (7) business days' notice requirement does not apply to any papers filed in support of or opposition to a dispositive motion.

12. The use of documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, and information derived therefrom, during the course of the trial of this action shall be governed by further stipulation of the parties or further Order of this Court. Except as to the use at trial of CONFIDENTIAL or ATTORNEYS' EYES ONLY documents and information derived therefrom, this Order shall remain effective until such time as it is superseded by stipulation of the parties or Order of this Court.

13. At the conclusion of the litigation of this action, or upon settlement or dismissal, documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and all copies of such documents (other than exhibits of

record), shall, at the direction of the producing party, within sixty (60) days be (i) returned to the producing party and retained thereby for a period of three years from the date the documents were returned, or (ii) destroyed, with the party destroying the documents providing a certificate of destruction to the producing party.

14. In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY document is used in any hearings or court proceedings, it shall not lose its CONFIDENTIAL or ATTORNEYS' EYES ONLY status outside of litigation through such use.

15. Nothing in this Order shall prevent any party to this action from moving the Court to remove a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation from a particular document, from seeking modification of this Order or other or further protection or relief, or form objecting to discovery which it believes to be otherwise improper.

Accordingly, **IT IS HEREBY ORDERED**:

The Parties' Stipulated Protective Order, **ECF No. 13**, is **GRANTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order

and provide copies to all counsel.

**DATED** this 25^(TH) day of April 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge

C:\Users\DEBBIE~1\AppData\Local\Temp\notesC62F23\protective order stip grant docx

ORDER **-** 13