Kirk D. Miller, WSBA #40025
*Kirk D. Miller, P.S.*
421 W. Riverside Avenue, Suite 660
Spokane, WA  99201
(509) 413-1494 Telephone

Shayne Sutherland, WSBA #44593
Brian Cameron, WSBA #44905
*Cameron Sutherland, PLLC*
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WENDY FLEMING, on behalf of herself and all others similarly situated, | Case No.: 2:15-CV-00174-SMJ |
| Plaintiff, | UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT: |
| vs. | 1. Appointment of Class Administrator; |
| GREYSTAR MANAGEMENT SERVICES, L.P., a Delaware corporation, WILLIAM SIMMONS, and EMMETT HIGGINS, | 2. Appointment of Class Counsel; 3. Approval of Class Notice |
| Defendants. | |

## I.    NATURE OF THE CASE AND PLAINTIFF'S CLAIMS

Plaintiff and proposed class representative Wendy Fleming, ("Plaintiff"), on

behalf of herself and all others similarly situated, filed a complaint against Greystar

Management Services, L.P., William Simmons, and Emmett Higgins (collectively

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 1

"Defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") ("Action"). The alleged violations arise from Greystar's use of the name Advantage Solutions Receivables in email communications with Plaintiff, concerning move-out fees that Greystar claimed Ms. Fleming owed.  See ECF No. 1.

Plaintiff's counsel have performed a thorough study of the law and facts relating to the claims asserted and have taken into account the contested issues involved, the expense and time necessary to pursue certification of the Action, the risks and costs of further prosecution of the Action, the uncertainties of complex litigation, and the substantial benefits to be received by Plaintiff and members of the settlement class pursuant to this agreement. Plaintiff's counsel have concluded that a settlement with the Defendants is in the best interest of the parties. The terms set forth in the Settlement Agreement are fair, reasonable, and adequate, and in the best interests of the settlement class, and it is in the parties' best interests to settle on the terms set forth in the agreement. The Settlement Agreement and Release of Claims, with attachments, is attached hereto as Exhibit A.

Counsel for Defendants has concluded that, because of the substantial expense of litigating the Action, the inconvenience involved, and the litigation risks, the settlement provided herein is fair and reasonable, and it is in their best interests to settle on the terms set forth in the agreement. Defendants do not admit

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 2

liability by entering this settlement. The Defendants elect to settle the case on the terms herein for the purpose of putting to rest the controversies engendered by the Action.

## II.    RELIEF REQUESTED

Plaintiff requests, and Defendants do not oppose, that the Court enter an Order creating a settlement class, for preliminary approval of the class settlement, for approval of the notice to be sent to members of the settlement class, and for setting of a final fairness hearing pursuant to Fed. R. Civ. P. 23. For purposes of the settlement, the parties have agreed on the following class definition:

(a) all persons who rented properties that are or were owned or managed by Greystar, Riverstone Residential Group ("Riverstone"), and/or Greystar or Riverstone's subsidiaries and/or affiliates ("Greystar properties") in the State of Washington between July 1, 2014 and January 24, 2017;

(b) who received any communication from Greystar; and

(c) whose communication contain the term "Advantage Solutions Receivables," "Advantage Solutions," or any other reasonable abbreviation thereof.

The parties further request that the Court enter an Order approving appointment of a class administrator; appointment of class counsel; approval of class notice; and approval of e-mailing and mailing of class notice; as set forth in Proposed Order, attached hereto.

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 3

III.    ARGUMENT – THE SETTLEMENT IS FAIR AND REASONABLE

A district court's approval of a class-action settlement must be accompanied by a finding that the settlement is "fair, reasonable, and adequate." *Lane v. Facebook, Inc.*, 696 F.3d811, 818 9th Cir. 2012). "[T]he district court [] must evaluate the fairness of a settlement as a whole, rather than assessing its individual components." *Id*. at *3.  "[T]he question whether a settlement is fundamentally fair within the meaning of Rule 23(e) is different from the question whether the settlement is perfect." *Id*. Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure that it is "fair, adequate, and free from collusion." *Id* at *3. A number of factors guide the district court in making that determination, including: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998) (hereinafter the "*Hanlon* factors"). Additionally, when (as here) the settlement takes place before formal class certification, settlement approval requires a "higher standard of fairness." See *Id*. The reason for more

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 4

exacting review of class settlements reached before formal class certification is to ensure that class representatives and their counsel do not secure a disproportionate benefit "at the expense of the unnamed plaintiffs who class counsel had a duty to represent." See *Id.* at 1027. The primary question raised by a request for preliminary approval is whether the proposed settlement is "within the range of possible approval." See MANUAL FOR COMPLEX LITIGATION (THIRD) § 30.41, at 237; accord, e.g., *Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 273 (N.D. Cal. 1976). "[T]his determination is similar to a determination that there is 'probable cause' to think the settlement is fair and reasonable." *Alaniz*, 73 F.R.D. at 273.

Once the settlement is found to be "within the range of possible approval," a court should schedule a final approval hearing and provide notice to the class. *Id*. It is at that final approval hearing where the court will ultimately determine, after class members have had an opportunity to comment on the settlement, whether the settlement is fair, reasonable, and adequate from the class members' standpoint. See *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). In order to settle a putative class action, the court must first approve a settlement class that meets the requirements of FRCP 23(a) and (b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 609–12 (1997). Next, the Court must find that the settlement is fair, adequate, and reasonable, and enter preliminary approval of the

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 5

settlement agreement pursuant to Federal Rule of Civil Procedure (FRCP) 23(e). *Staton v. Boeing Co*., 327 F.3d 938, 952 (9th Cir. 2002).

Next, notice and opportunity to object and opt-out must be given to all class members. Finally, the Court must conduct a fairness hearing and, in order to approve the final settlement, make specific findings regarding the adequacy and fairness of the proposed settlement. *Id*. The parties respectfully submit that the proposed settlement of this action satisfies all of the relevant legal standards for preliminary approval under FRCP 23. The Settlement is fair considering the potentially relatively large amount of the recovery for the individual members of the Class and the cost and risks of further litigation in this matter.

The Settlement resulted from intensive extended arm's-length negotiations over a period of multiple months. The Settlement reflects a reasoned compromise based on interests of the class and the risks and expense of further litigation. In addition, the settlement creates an FDCPA statutory damages fund of up to a maximum of four hundred fifty thousand dollars ($450,000.00) to be divided equally among the class members who choose to participate. All attorney's fees and class representative fees are being paid separately from the fund established for the benefit of the class. Plaintiff's attorney's fees are based on 25% of the gross settlement fund as is standard in the Ninth Circuit.

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 6

A. Standard of Review

The Court must determine the fundamental fairness, adequacy, and reasonableness of the settlement, taken as a whole. *Evans v. Jeff D.*, 475 U.S. 717, 726–27 (1986). "The trial court should not make a proponent of a proposed settlement justify each term of settlement against a hypothetical or speculative measure of what concessions might [be] gained." *Access Now, Inc. v. Claire's Stores, Inc.*, 2002 WL 1162422, at 4 (S.D. Fla. May 7, 2002). Significant weight should be given "to the belief of experienced counsel that settlement is in the best interest of the class." *Austin v. Pennsylvania Dep't. of Corrections*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995). Generally, a proposed settlement will be preliminarily approved unless it is outside the range of reasonableness or appears to be the product of collusion, rather than arms-length negotiation. See, e.g., *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

To guide courts in assessing the fairness and reasonableness of a proposed settlement, the Ninth Circuit has identified several factors to employ. The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 7

the proceedings; the experience and views of counsel; the presence of a

governmental participant; and the reaction of the class members to the proposed

settlement. *Officers for Justice*, 688 F.2d at 625; See also *Torrisi v. Tucson Elec.*

*Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *Smith v. Mulvaney*, 827 F.2d 558,

562 n.3(9th Cir. 1987) (Ninth Circuit approves this same list of factors).

B.  The Settlement is Presumptively Fair

Preliminary approval "establishes an initial presumption of fairness when the

court finds that: (1) the negotiations occurred at arm's length; (2) there was

sufficient discovery; (3) the proponents of the settlement are experienced in similar

litigation. *General Motors Corp. Pick-Up Truck*, 55 F.3d at 785. The proposed

settlement was reached after extensive investigation by the Plaintiff over a period

of several months. Plaintiff's counsel has carefully explained the proposed

settlement to the Plaintiff, and has discussed the potential benefits and drawbacks

of the settlement. The Plaintiff has considered these facts and is conscious of her

duty to the putative class, and has determined the settlement is in the best interest

of the class.

In every case, there are "inherent risks of litigation." *Torrisi v. Tucson Elec.*

*Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993), cert. denied, 512 U.S. 1220 (1994).

"[O]ne of the most important factors in assessing the fairness of a settlement

agreement is the strength of the plaintiffs' case on the merits balanced against the

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 8

1    relief offered in the settlement." *Berry v. School Dist. of Benton Harbor*, 184

2    F.R.D. 93, 98 (W.D. Mich. 1998). In considering this factor, the Court need not

3    "decide the merits of the case or resolve unsettled legal questions." *Carson v.*

4    *American Brands, Inc*., 450 U.S. 79, 88 n.14 (1981). However, the Court heard

5    argument on summary judgment and determined that the Plaintiff's claims should

6    not be dismissed as a matter of law.  ECF Nos. 55, 58.

7        In evaluating the reasonableness of a proposed settlement, the Court should

8    consider 'the present value of the damages plaintiffs would likely recover if

9    successful, appropriately discounted for the risk of not prevailing, and should be

10    compared with the amount of the proposed settlement." *In re Prudential Ins. Co. of*

11    *Amer. Sales Practices Litig*., 148 F.3d 283, 322 (3d Cir. 1998), cert. denied, 525

12    U.S. 1114 (1999) (quoting *In re General Motors Corp. Pick-Up Truck Prod. Liab.*

13    *Litig*., 55 F.3d 768, 806 (3d Cir.) This case involves statutory damages for alleged

14    violations of the FDCPA.  It is unlikely that any class member suffered any out-of-

15    pocket damages resulting from the alleged violations. Under the terms of the

16    proposed settlement, the Greystar is required to pay up to three hundred dollars

17    ($300.00) to each class member who files a timely and valid claim.

18        Further, the class members are likely unaware that their rights have been

19    violated. During the pendency of this litigation, only one putative class member

20    has taken action on her own behalf. Given the relatively short statute of limitations

21    UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 9

(1 year) in which any member of the proposed class could assert a claim against the Defendants, it is unlikely that many more individuals will choose to assert independent claims against the Defendants.

### IV.    STANDARD FOR CLASS CERTIFICATION

In order for a lawsuit to be certified as a class action, it must satisfy the four prongs of Rule 23(a) and one of the three prongs of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997); *Weinman v. Fid. Capital Appreciation Fund*, 354 F.3d 1246, 1262 (10th Cir. 2004). The Court should "recognize that, when deciding a motion for class certification, the district court should accept the allegations contained in the complaint as true." *J.B. by Hart v. Valdez*, 186 F.3d 1280, 1290 n. 7 (10th Cir. 1999). Congress expressly acknowledged the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998); *Cheqnet Systems, Inc. v. Montgomery*, 911 S.W.2d 956 (Ark. 1995).

A. The Proposed Class Meets the Requirements for Certification

"Under Rule 23, a trial court determining whether class certification is appropriate must first find that a proposed class meets the four prerequisites of numerosity, commonality, typicality, and fair and adequate representation set forth

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 10

in Rule 23(a)." *Weinman v. Fid. Capital Appreciation Fund*, 354 F.3d 1246, 1262 (10th Cir. 2004).

### 1.  RULE 23(a)(1) – NUMEROSITY

In order to satisfy the requirement of numerosity, the proponent of certification must demonstrate the class is so "numerous that joinder of all parties is impracticable." Fed. R. Civ. Pro. 23(a)(1); *Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999). However, "[i]mpracticable does not mean impossible." *Rabidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). The Court may consider reasonable inferences arising from the pleadings that the class is sufficiently numerous to make joinder impractical. *Gay v. Waiters and Dairy Lunchmen's Union*, 549 F.2d 1330, 1332 (9th Cir. 1977). "When the class is large, numbers alone are dispositive…" *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D.Ill. 1986). Where the class numbers 25 or more, joinder is usually impracticable. *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n,* 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); *Armstead v. Pingree*, 629 F.Supp. 273, 279 (M.D.Fla. 1986) (25 sufficient); *Beasley v. Blatt*, 1994 WL 362185 (N.D.Ill. 1994)(24 sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *Riordan v. Smith Barney*, supra, 113 F.R.D. 60, 62 (N.D.Ill. 1986) (10-29 sufficient); *Sala v. Nat'l Railroad Passenger Corp*., 120 F.R.D. 494, 497 (E.D.Pa. 1988) (40-50 sufficient); *Scholes v. Stone, McGuire & Benjamin*, 143

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 11

F.R.D. 181, 184 (N.D.Ill. 1992) (about 70). It is not necessary that the precise number of class members be known. "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litig.*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F.Supp. 1164, 1169 (E.D.N.Y. 1986). The Court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." *3 Newberg on Class Actions* § 7.22 (4th ed. 2002).

Here, the Greystar has identified approximately four thousand two hundred eighty (4,280) putative class members. The nature of the claims, the passage of time, and the cost of bringing individual claims in comparison to the potential for recovery make it unlikely that putative class members would take the steps required to bring an individual lawsuit. The FDCPA's one-year statute of limitation would bar any action by any individual if it were not for the tolling created by this putative class action. 15 U.S.C. § 1692k(d); *American Pipe and*

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 12

1    *Construction Co. v. Utah*, 414 U. S. 538 (1974). The requirement of numerosity is

2    met.

## 2. RULE 23(a)(2) – COMMONALITY

Rule 23(a)(2) does not require that every question of law or fact be common

to every member of the class, it only requires that a single issue be common to the

class. *Hart v. Valdez*, supra at 1288. A common nucleus of operative fact is usually

enough to satisfy the commonality requirement of Rule 23(a)(2). *Rosario v.*

*Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Not all factual or legal questions

raised in the litigation need be common if at least one issue is common to all class

members. *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 56-57 (3d Cir. 1994);

*McGlothlin v. Connors*, 142 F.R.D. 626 (W.D. Va. 1992); *Armstead v. Pingree*,

supra at 1280. "A sufficient nexus is established if the claims or defenses of the

class and the class representatives arise from the same event or pattern or practice

and are based on the same legal theory." *Kornburg v. Carnival Cruise Lines, Inc*.,

741 F.2d 1332, 1337 (11th Cir. 1984); See also: *Ditty v. Check Rite, Ltd*., 182

F.R.D. 639, 642 (D.Utah 1998) (court held that because every member of the

putative class received a letter from the defendants containing common language

no more was needed to establish a common nucleus of operative fact). "To

establish commonality, it is sufficient that plaintiff allege that all class members

received the same collection letter." *Swanson v. Mid Am. Inc*., 186 F.R.D. 665, 668

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 13

(M.D. Fla. 1999). There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The principal issue is whether Greystar's alleged practice of using the name "Advantage Solutions Receivables" in communications, violated the FDCPA. FDCPA claims based on standard language in documents or standard practices are well suited for class certification. *Ditty v. Check Rite, Ltd*. supra at 642; *Woodard v. Online Information Services*, 191 F.R.D. 502 (E.D.N.C. 2000); *Talbott v. GC Services*, 191 F.R.D. 99 (W.D.Va 2000); *Irwin v. Mascott*, 186 F.R.D 567 (N.D.Cal. 1999); *Borcherding-Dittloff v. Transworld Systems, Inc.*, 185 F.R.D 558 (W.D.Wis. 1999); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D.Cal. 1999); *Brink v. First Credit Resources*, 185 F.R.D. 567 (D.Ariz. 1999); *West v. Costen*, 558 F.Supp. 564, 572-573 (W.D.Va. 1983) (FDCPA class certified regarding alleged failure to provide required "validation" notices); *Cheqnet Systems, Inc. v. Montgomery*, 911 S.W.2d 956 (Ark. 1995) (collection of $10 more than entitled on returned checks). In this case, Plaintiff alleges that Greystar used a deceptive, false name in its communications when collecting alleged debts from former tenants, and therefore the commonality requirement is met.

### 3.  RULE 23(a)(3) -- TYPICALITY

FRCP 23 requires that the claims of the named Plaintiff be typical of the claims of the class. *Ditty v. Check Rite, Ltd*., supra at 642. A Plaintiff's claim is

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 14

1  typical if it arises from the same event or practice or course of conduct that gives

2  rise to the claims of other class members and his or her claims are based on the

3  same legal theory. The typicality requirement may be satisfied even if there are

4  factual distinctions between the claims of the named Plaintiffs and those of other

5  class members. Thus, similarity of legal theory may control even in the face of

6  differences of fact. *De La Fuente v. Stokely-Van Camp, Inc*., 713 F.2d 225, 232

7  (7th Cir. 1983) (citation omitted); see also, *Keele v. Wexler*, supra at 595. In the

8  instant case, typicality is inherent in the class definition, i.e., each class member

9  alleges he or she was sent a communication from Greystar, which contained the

10  Advantage Solutions Receivable name that is alleged to violate the FDCPA. All

11  class members' claims arise from the same alleged practices of Greystar that gave

12  rise to the Plaintiff's claims. The requirement of typicality is met.

4.  RULE 23(a)(4) -- ADEQUACY OF REPRESENTATION

13

14  Rule 23(a)(4) requires that the representative parties fairly and adequately

15  protect the interests of the class. *Integra Realty Resources, Inc. v. Fidelity Capital

16  Appreciation Fund*, 354 F.3d 1246, 1262 (10th Cir. 2004); *Ditty v. Check Rite,

17  Ltd*., supra at 642. Adequacy of representation depends on the qualifications of

18  counsel for the representative, an absence of antagonism between the class

19  representative and the other class members, a sharing of interests between the

20  representative and absentees, and the unlikelihood that the suit is collusive. That

21  UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 15

protection involves two factors: (1) whether Plaintiff's counsel is qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the Plaintiff has interests antagonistic to those of the class. *Ditty v. Check Rite, Ltd.*, supra at 642; *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Ms. Fleming understands her responsibilities as class representative. She is represented by experienced counsel. Mr. Miller's ability to serve as counsel in class actions and consumer suits has been recognized in other courts. See: *Seyfarth v. Reese Law Grp., P.L.C.*, C09-5727BHS, 2010 WL 2698819, (W.D. Wash. July 7, 2010); *Cavnar v. BounceBack, Inc.*, 2:14-CV-235-RMP, 2015 WL 4429095 (E.D. Wash. July 17, 2015).

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named Plaintiff are coincident with the general interests of the class. Mrs. Fleming and the class members seek statutory and declaratory relief as the result of the Defendants' alleged unlawful collection communications. Given the identical nature of the claims between Mrs. Fleming and the class members, there is no potential for conflicting interests in this action.

### 5. RULE 23(b)(3) – COMMON QUESTIONS OF LAW OR FACT PREDOMINATE

"Rule 23 also requires the trial court to find that the plaintiff's claim is maintainable as a class action under one of the three categories described in Rule

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 16

23(b)." *Weinman v. Fid. Capital Appreciation Fund*, 354 F.3d 1246, 1262 (10th Cir. 2004). Rule 23(b)(3) states that questions of law or fact common to all members of the class must predominate over questions pertaining to individual members. This criterion is normally satisfied when there is an essential common factual link between the class members and the Defendant for which the law provides a remedy. *Monreal v. Potter*, 367 F.3d 1224, 1237 (10th Cir. 2004). In this case, the "common nucleus of operative fact" is that all class members, by definition, received a communication from Greystar containing the name "Advantage Solutions" or some variant thereof. Cases dealing with the legality of standardized practices are generally appropriate for resolution by class action because the practice is the focal point of the analysis. FDCPA cases have been certified as class actions on numerous occasions. See: *Ditty v. Check Rite Ltd.*, supra. Because of the standardized nature of Greystar's alleged conduct, common questions predominate.

### 6.  RULE 23(b)(3) -- CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY

When a Plaintiff seeks certification under Rule 23(b)(3), the Plaintiff "must also show that a class action is superior to other available methods for fair and efficient adjudication of the controversy." *Ditty v. Check Rite, Ltd.*, supra at 643. Whether a class action is superior "depends upon a comparative evaluation of the

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 17

alternatives to class certification to determine whether a class action is more or less fair, practical, and efficient than the other available methods of adjudication." *Monreal v. Potter*, 367 F.3d 1224, 1237 (10th Cir. 2004). Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Id*. The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. See generally: *Ditty v. Check Rite Ltd*. supra. It is proper for a court, in deciding the "best" available method, to consider the "[i]nability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc*., 503 F.2d 1161, 1165 (7th Cir. 1974). In this case, there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to Greystar's alleged practices. *Zinberg v. Washington Bancorp, Inc*., 138 F.R.D. 397 (D.N.J. 1990). The efficacy of consumer class actions is recognized particularly where, as here, the individual's claim is small. Class certification of a FDCPA damage action provides an efficient and appropriate resolution of the controversy. *Keele v. Wexler*, supra; *Cheqnet Systems, Inc. v. Montgomery*, supra; see also*: Ditty v. Check Rite Ltd*., supra.

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 18

## V.    CLASS ADMINISTRATION

The parties ask the Court to appoint Heffler Claims to act as the administrator of the class. Its responsibilities will include emailing the class notice, , where necessary printing and mailing the class notice, forwarding questions from class members to class counsel, and distributing to each class member his or her share of the recovery. Heffler Claims has successfully acted as the class administrator in a number of other class actions filed in the federal courts throughout the United States. Attached to this motion are proposed class notices. The parties request that the Court approve the notices and the dissemination of the notice to the class members by email, and if necessary, by postcard via first class mail.

## VI.    CLASS COUNSEL

Pursuant to Rule 23(g), the Court should appoint attorney Mr. Kirk D. Miller to act as class counsel with the association and assistance of attorneys Brian Cameron and Shayne Sutherland. No counsel holds any interest that is in conflict with the interests of the class members. Counsel has identified and investigated the claims and obtained favorable orders from this Court. Mr. Miller is an attorney experienced in class actions, as set forth above with particular expertise in FDCPA. Counsel have the resources necessary to adequately represent the class.

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 19

1

## VII.   CONCLUSION

2

The proposed class meets the requirements of Rules 23(a) as well as Rule

3 23(b)(3). Plaintiff respectfully requests that the Court enter an Order of preliminary

4 approval of the settlement of this action as a class action and enter the

5 administrative orders requested.

6

DATED this 24th day of January, 2017.

7

*Kirk D. Miller, P.S.*

8

/s Kirk D. Miller

9 Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

10

*Cameron Sutherland, PLLC*

11

12

/s Shayne Sutherland

13 Shayne Sutherland, WSBA #44593
Attorney for Plaintiff

14

15

16

17

18

19

20

21 UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 20

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Kirk D. Miller | kmiller@millerlawspokane.com;<br>relston@millerlawspokane.com |
| Shayne Sutherland<br>Brian Cameron | ssutherland@cameronsutherland.com<br>bcameron@cameronsutherland.com |
| Jaime Drozd Allen<br>Ross Siler | jaimeallen@dwt.com;<br>ross.siler@dwt.com;<br>seadocket@dwt.com |

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT - 21